IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00025-CMA-KMT

DANA COOPER,

    Plaintiff,

v.

C/O FINNIGAN,
C/O D. TRUJILLO,
MAJOR HOLDITCH, and
LT. MARTZ,

    Defendants.

---

**ORDER DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE
AND DENYING MOTION FOR ORDER AS MOOT**

---

This matter is before the Court *sua sponte*.

Plaintiff Dana Cooper is a prisoner at Colorado State Penitentiary. He was previously incarcerated at Sterling Correctional Facility. In June 2009, Plaintiff was transferred from the Sterling Correctional Facility to the Colorado State Penitentiary. (*See* Case No. 09-cv-02219, Doc. # 3 at 6.)

Since that transfer, Plaintiff has filed no less than thirteen prisoner complaints (the "Colorado State Penitentiary Actions"), including the instant action. Nine of these Colorado State Penitentiary Actions were either voluntarily dismissed, dismissed due to Plaintiff's failure to prosecute, dismissed due to duplicity with other filed actions, or

dismissed on grounds of maliciousness.[1] Each of the Colorado State Penitentiary Actions asserts that the Defendants engaged in retaliation against or sexual assault and molestation of Plaintiff.

On January 7, 2010, he filed a Complaint in the instant action, pursuant to 42 U.S.C. § 1983, against the above-named Defendants, all of whom are employees at the Colorado State Penitentiary. (Doc. # 3.) In sum, Plaintiff asserts that Defendants violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth amendments by subjecting him to harassment, sexual molestation and assault, confiscation of legal materials, denying him sleep, and interference with his grievance filings.

Upon review of the Complaint, the Court finds that the at-issue claims are substantively identical to the claims asserted in the consolidated action, Case No. 08-cv-01599,[2] which action concerned the purported mistreatment of Plaintiff by employees at the Sterling Correctional Facility, where Plaintiff was previously incarcerated (the "Consolidated Action"). The only difference is that Plaintiff has lodged his allegations against employees at the Colorado State Penitentiary, rather than the Sterling Correctional Facility.

---

[1] The dismissed actions are Case Nos. 09-cv-01871; 09-cv-02218; 09-cv-02219; 10-cv-00361; 10-cv-00522; 10-cv-00978; 10-cv-01610; 10-cv-01823; and 10-cv-01824.

[2] Pursuant to a May 13, 2009 court order, Case No. 08-cv-01599 was consolidated with Case Nos. 08-cv-02536; 09-cv-00662; 09-cv-00667; 09-cv-00754; and 09-cv-00961. (Case No. 08-cv-01599, Doc. # 94.)

In a contemporaneously-issued order in the Consolidated Action, the Court has dismissed Plaintiff's claims for failure to state a claim and on grounds of frivolousness and maliciousness. (*See* Case No. 08-cv-01599, Doc. # 198.) The Court finds that the claims asserted in the instant action similarly fail, and, as with the claims in the Consolidated Action, they are conclusory and speculative. Additionally, several of the Defendants have been named in more than one action, and the actions cover overlapping time periods. *See* Appendix A for a summary of the various Colorado State Penitentiary Actions.

As the Court did in its Order dismissing the Consolidated Action, the Court exercises its discretion to pierce the veil of this Complaint and finds that the veracity of the asserted claims is highly suspect, given the multitude of implicated Defendants amongst all the Colorado State Penitentiary Actions and the similarity of the allegations to those made in the Sterling Actions. Further, the attached documents fail to support Plaintiff's claims. Accordingly, the Court finds that this action is malicious in nature; dismissal, with prejudice, of this action as a sanction pursuant to Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate. *See Denton v. Hernandez*, 504 U.S. 25, 29 (1992) (holding that a court may properly dismiss a suit as malicious under section 1915(e) where a plaintiff has already engaged in a multitude of identical or closely similar suits); *see also Stine v. Lappin*, No. 07-cv-01839, 2009 U.S. Dist. LEXIS 78373, at *48 (D. Colo. June 25, 2009), *adopted by* 2009 WL 2848849 (D. Colo. Sept. 1, 2009) (imposing sanctions in light of the plaintiff's extensive history of filing frivolous and malicious pleadings despite numerous court warnings and admonishments).

### A. DISMISSAL AS A SANCTION

"[A] court has authority to impose the sanction of dismissal for failing to follow procedural rules . . . and for failing to obey court orders." *Lynn v. Roberts*, No. 01-3422, 2006 WL 2850273, at *6 (D. Kan. Oct. 4, 2006). As stated by the Tenth Circuit,

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (internal quotations and citations omitted) (affirming dismissal with prejudice where the plaintiff "knew of the potential consequences of his actions"). "[I]n cases in which a party appears *pro se*, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the court because of a technical violation." *Id.* at n.3. However, a plaintiff's *pro se* status does not excuse his abuses. *See Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 841 (10th Cir. 2005) (citing *Theriault v. Silber*, 579 F.2d 302 (5th Cir. 1978)); *see also Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (*pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets").

In the instant case, all the *Ehrenhaus* factors weigh strongly in favor of dismissal as a sanction. First, the Colorado State Penitentiary Defendants have been prejudiced

by having to expend resources on Plaintiff's malicious and unsupported allegations, not to mention the harm suffered by being publicly accused of lascivious conduct, which allegations are highly suspect.

Second, Plaintiff's continuous and willful filing of cumulative, conclusory, speculative, and frivolous and malicious pleadings, in direct contravention of Court orders, has, without question, interfered with the judicial process, and vexatiously and unnecessarily multiplied the proceedings.³  Plaintiff's repeated defiance of Court orders and rules, along with his incessant need to abuse the *in forma pauperis* statute with his highly suspect allegations of sexual abuse and retaliation against a widening array of corrections employees and law enforcement officials has interfered with "one of the principal purposes of our court systems – to provide a safe, effective forum for resolving disputes that is characterized by civility." *Lynn,* 2006 WL 2850273, at *7.  Accordingly, the second *Ehrenhaus* factor is satisfied.

The third and fourth *Ehrenhaus* factors, the litigant's culpability and Court warnings in advance of dismissal, are satisfied.  As already discussed, Plaintiff has received several warnings that his conduct could result in dismissal of his lawsuit, without any further warning.  (*See* Case No. 08-cv-01599, Doc. # 94 at 2, Doc. # 143

---

³ In the Sterling Actions' May 13, 2009 Consolidation Order, the Court warned Plaintiff that "[g]roundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court," and "failure to comply with this order and/or future unwarranted and vexatious litigious behavior may subject [Plaintiff] to sanctions, including dismissal of his cases. . . ." (Case No. 08-cv-01599, Doc. # 94 at 2.)  Also, in orders denying various frivolous motions, the Court repeatedly warned Plaintiff of the consequences of filing frivolous motions or pleadings and issued its "final warning" on September 19, 2009.  (*See* Case No. 08-cv-01599, Doc. ## 94 at 2, 143 at 4.)

at 4). Nevertheless, as clearly established by the foregoing, Plaintiff continues to file non-comporting and highly suspect documents.

Finally, in light of Plaintiff's above-described egregious behavior, the Court finds that no sanctions less than outright dismissal, with prejudice, of this action would be effective or meaningful to Plaintiff. As with the plaintiff in *Ehrenhaus*, Mr. Cooper was well-aware of the consequences he faced if he continued to violate orders and rules. Accordingly, the fifth *Ehrenhaus* factor is satisfied.

Based on the foregoing, Plaintiff's actions have been willful, intentional, persistent, frivolous, and contemptuous.

Having determined that the instant action warrants dismissal, the Court concludes that the Plaintiff's "Motion/Request for Court Order for Legal Photo Copies" (Doc. # 13) be denied as moot.

Accordingly, IT IS ORDERED THAT:

(1)   Plaintiffs' claims are DISMISSED WITH PREJUDICE;

(2)   This action is DISMISSED; and

(3)   Plaintiff's "Motion/Request for Court Order for Legal Photo Copies" (Doc. # 13) is DENIED AS MOOT.

DATED: August __24__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

# APPENDIX A

# COLORADO STATE PENITENTIARY ACTIONS: OPERATIVE DATES, DEFENDANTS, AND ALLEGATIONS

| Date Plaintiff Executed *In Forma Pauperis* Motion | Case No. | Defendants* <br><br>*names in bold have been named in multiple actions | Alleged Conduct/Period of Alleged Conduct | Status of Case |
|---|---|---|---|---|
| on or around 8/7/2009 | 09-cv-01871 | **Lt. Heidenthal**, Corrections Officer Johnson, Sgt. West, and **Warden Jones** | Unknown; Actual complaint never filed | Dismissed due to Plaintiff's failure to cure deficiencies. |
| 8/28/2009 | 09-cv-02218 | Sgt. Roberts, **Warden Susan Jones**, J. Dalton, **Carl Holditch**, R. Manning, Anthony DeCesaro, Corrections Officer Goudeau, and Sgt. Padilla, and **Lt. Heidenthal** | Harassment, sexual molestation, and sexual assault; grievance filing limitations; failure to investigate grievances/July 2008 - August 2009 | Voluntarily dismissed. |
| 8/26/2009 | 09-cv-02219 | **Sgt. Binder, Warden Jones, Corrections Officers Vialaprando and Simmons; Lt. Chavez** | Harassment, sexual molestation, and sexual assault; retaliatory confiscation of Plaintiff's legal documents and revocation of certain privileges/ June 2009-July 2009. | Voluntarily dismissed. |
| 12/10/09 | 09-cv-02965 | **Sgt. Binder, Warden Jones, Corrections Officers Vialaprando and Simmons**; and **Lt. Chavez** | Harassment, sexual molestation; revocation of certain privileges; destruction of legal documents/July 2009 | Still pending. |

1

| 12/21/09 | 10-cv-00025 | Corrections Officers Finnigan and D Trujillo; **Major Holditch**, and Lt. Martz | Harassment, sexual molestation; confiscation of legal materials; denying Plaintiff sleep; interference with Plaintiff's grievance filings/ October 2009-November 2009. | Still pending. |
|---|---|---|---|---|
| 2/8/10 | 10-cv-00361 | Corrections Officers Rebeterano, Elizardo, and Romero; Captain Dalton | Unknown; actual complaint never filed | Dismissed due to Plaintiff's failure to cure deficiencies. |
| 2/21/10 | 10-cv-00522 | Corrections Officers Archeletta, Duty, Thomas, Lombardo, **Vialaprando,** Demille, Kenitzer, and Kristen; Case Manager Beard, Captain Huertas, **Associate Warden Allan, Lt. Chavez,** Sgt. Meyer, and **Warden Jones** | Unknown; actual complaint never filed | Dismissed due to Plaintiff's failure to cure deficiencies. |
| 2/25/10 | 10-cv-00560 **(re-filing of 10-cv-00522)** | **Corrections Officers Archeletta**, Duty, Thomas, Lombardo, **Vialaprando**, Demille, Kenitzer, and Kristen; Case Manager Beard, Captain Huertas, Associate Warden Allan, **Lt. Chavez**, Sgt. Meyer, and **Warden Jones** | Harassment, sexual molestation, and sexual assault; retaliatory termination of Plaintiff from his prison job; retaliatory interference with Plaintiff's grievance filings/ June 2009-February 2010 | Still pending. |

| | | | | |
|---|---|---|---|---|
| 3/15/10 | 10-cv-00716 **(a re-filing of 09-cv-02218)** | Sgt. Roberts, **Warden Susan Jones**, J. Dalton, **Carl Holditch**, R. Manning, Anthony A. DeCesaro, Corrections Officer Goudeau, Sgt. Padilla, and Lt. Heidenthal | Harassment, sexual molestation, and sexual assault; grievance filing limitations; failure to investigate grievances/July 2008 - August 2009 | Still pending. |
| 4/16/10 | 10-cv-00978 | Lt. Burke, **Assoc. Warden Allen, Warden Susan Jones**, Lt. J. Pacheco, **Lt. Chavez**, and **Corrections Officer P. Archuleta** | Sexual molestation; retaliatory confiscation of legal documents; improperly finding Plaintiff guilty of prison rule violations; interference with Plaintiff's grievance filings /February 2010-April 2010 | Dismissed because claims are repetitive of claims in other filed actions. |
| 6/24/10 | 10-cv-01610 | c/o L. Vigil | Sexual assault | Dismissed because claims are repetitive of claims in another filed action. |
| 7/18/10 | 10-cv-01823 | **Lt. Dale Burke, Lt. J. Pacheco,** Case Manager Carmen Estrada | Retaliatory interference with Plaintiff's grievance filings; improperly finding Plaintiff guilty of prison rule violations | Dismissed on grounds of maliciousness. |
| 7/18/10 | 10-cv-01824 | Sgt. C. Pool, c/o R. Cooper | Sexual assault | Dismissed on grounds of maliciousness. |